IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUN 1 3 2002**

Michael N. Milby
Clerk of Court

MADHAVAN PISHARODI, M.D., P.A.  §
§
VS.  §  CIVIL ACTION NO. B-02-124
§
F.A. RICHARD & ASSOCIATES, INC.  §
and JANE ROSAMOND  §

## MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Madhavan Pisharodi, M.D., P.A. asks this Court to remand this case back to state

district court. Remand is proper because there is no federal subject-matter jurisdiction in this case.

There is no diversity jurisdiction because Defendant Rosamond is a Texas resident. Further,

Defendant Rosamond is not fraudulently joined. Further, there is no federal question jurisdiction.

## I.

## BACKGROUND

This case is a state law tortious interference with contractual relations case. Plaintiff is a

Texas physicians association that runs a neurosurgery practice in Brownsville, Texas. Defendant

Rosamond, an employee of Defendant F.A. Richard, adjusts Longshoreman and Harbor Workers

Compensation Act claims asserted by employees injured at the Amfels plant at the Port of

Brownsville. Rosamond is a Texas resident. Plaintiff filed this lawsuit claiming that Defendant

Rosamond interfered with his contractual relations by coercing injured workers who wanted to

receive treatment from Plaintiff into receiving treatment from a doctor who would be more favorable

toward the insurance company.

## II.

### DEFENDANT ROSAMOND IS NOT FRAUDULENTLY JOINED

There is no diversity jurisdiction because Defendant Rosamond is a proper party to this lawsuit. The Fifth Circuit has noted, "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 ( 5th Cir. 1981). In *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992), the Fifth Circuit set out standard for evaluating fraudulent joinder claims as follows:

> Where charges of fraudulent joinder are used to establish [federal] jurisdiction, the removing party has the burden of proving the claimed fraud.... To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

Dodson, 951 F.2d at 42 (citations omitted) (emphasis added).

Plaintiff has a possibility of recovery against Defendant Rosamond. Rosamond is the person who Plaintiff alleges tortiously interfered with his contractual relations. The only liability Defendant F.A. Richard has is respondeat superior liability for the acts of its employee. Respondeat superior is not a defense to liability; Defendant Rosamond is liabile for her own tortious conduct. Therefore, because this case arises out of Rosamond's alleged conduct, there is a possibility that Plaintiff will recover against her, and she is not fraudulently joined.

## II.

### THE IS NO FEDERAL QUESTION JURISDICTION

Defendants claim that there is Federal Question jurisdiction because Plaintiff's Original Petition referenced the Longshoremen and Harbor Workers Compensation Act ("LHWCA").

However, there is in fact no federal question because Plaintiff is not suing under the LHWCA or any other federal statute; he merely alleged a violation of a federal statute as an element of a state law cause of action.

The only cause of action Plaintiff pled was tortious interference with contractual relations. The elements of tortious interference with contract are: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of the plaintiff's damages; and (4) actual damages or loss. *Powell Industries, Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex.1998); *Milam v. National Ins. Crime Bureau*, 989 S.W.2d 126, 131 (Tex.App.-San Antonio 1999, no pet. h.). In order to recover for tortious interference with a prospective business relationship, the plaintiff must show a wrongful interference with the plaintiff's prospective agreement. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 727 (Tex.2001). The reason that Plaintiff referenced the LHWCA was to show that Defendant Rosamond's interference with his contractual and prospective business relationships was illegal and wrongful, as required by *Wal-Mart Stores, Inc. v. Sturges*; Plaintiff did not plead a federal cause of action under the LHWCA. In fact, a medical provider has no cause of action for damages under Section 907(b) of the LHWCA.

The Supreme Court rejected an argument analogous to the one Defendants make in this case in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In *Merrell Dow*, plaintiffs brought suit against the manufacturer and distributor of the drug Bendectin, charging that the drug caused multiple birth deformities when mothers ingested it during pregnancy. One of the negligence counts alleged that Bendectin was "misbranded" in violation of the Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301 *et seq.*, because the label failed to warn of the drug's dangers. The plaintiffs did not allege that they had a federal cause of action under the FDCA, but rather that jurisdiction was proper because the case raised a substantial federal question

in a state-created cause of action.

The Supreme Court held that federal jurisdiction did not lie. Since Congress had apparently chosen not to create federal private remedies, the Court held that "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." 478 U.S. at 814, 106 S.Ct. at 3235. The Court also dismissed the contention that a powerful federal interest in uniform interpretation of federal laws gave rise to jurisdiction, noting that it could review the disposition of a decisive federal issue in a state cause of action even if no original district court jurisdiction existed. *Id.* at 816, 106 S.Ct. at 3236. In sum, the Court concluded that:

> a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States."

*Id.* at 817, 106 S.Ct. at 3237 (citing 28 U.S.C. § 1331). Similarly, in the case at bar Plaintiff merely alleges a violation of the LHWCA as an element of a state cause of action. Therefore, there is no diversity jurisdiction. *See also City of Huntsville v. City of Madison*, 24 F.3d 169, 174 (11th Cir. 1994); *Clark v. Velsicol Chem. Corp.*, 944 F.2d 196, 198-99 (4th Cir. 1991) (holding that a negligence action based on violation of federal regulation did not confer federal jurisdiction).

## III.

## CONCLUSION

This Court does not possess subject-matter jurisdiction. Therefore, the Court should remand this case. Further, under 42 U.S.C. § 1447(c), the Court should award Plaintiff attorney's fees and expenses incurred as a result of Defendants' improper removal.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674

MICHAEL R. COWEN
State Bar No. 00795306
Federal I.D. No. 19967

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Michael R. Cowen, certify that I sent a copy of the foregoing document to Defendants' counsel on the 12th day of June, 2002.

Via Facsimile (361/884-5239) & Regular U.S. Mail
Joseph L. Segrato
THORNTON, SUMMERS, BIECHLIN, DUNHAM & BROWN, L.C.
Bank of America – Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471

MICHAEL R. COWEN