United States District Court
Southern District of Texas
FILED

JUL 0 3 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MADHAVAN PISHARODI, M.D., P.A. § | |
| § | |
| VS. § | CIVIL ACTION NO: B-02-124 |
| § | (Jury Demand) |
| § | |
| F. A. RICHARD & ASSOCIATES, INC. § | |
| and JANE ROSAMOND § | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME F.A. RICHARD & ASSOCIATES, INC., and JANE ROSAMOND, Defendants, and file this their response to Plaintiff's Motion to Remand, and for cause would respectfully show this Honorable Court as follows:

### I.
### INTRODUCTION

Plaintiff filed this cause in the 107th Judicial District Court of Cameron County, Texas, against Defendants, F.A. RICHARD & ASSOCIATES, INC. ("FARA"), and "Its employee, JANE ROSAMOND" ("ROSAMOND"), alleging tortious violation of federal law (i.e., the Longshoreman and Harbor Workers Compensation Act (LHWCA)) (33 U.S.C. §901 et seq.)  In Defendants' dealings with injured workers, allegedly to the detriment of Plaintiff's business as a health care provider who treats workers covered by the Act.

## II.
## DEFENDANT ROSAMOND IS FRAUDULENTLY JOINED AND SHOULD BE DISREGARDED AS A PARTY FOR PURPOSES OF DIVERSITY JURISDICTION

Plaintiff urges in his Motion that diversity jurisdiction does not exist because ROSAMOND, "who Plaintiff alleges tortiously interfered with his contractual relations", is properly joined as a Defendant. Again, the gravamen of Plaintiff's complaint is that FARA, through ROSAMOND, allegedly "coerced workers not to receive medical treatment from Plaintiff", and that FARA and ROSAMOND thus "have tortiously interefered with Plaintiff's contractual relations and with Plaintiff's prospective business relations."

*Plaintiff expressly alleges, under Part IV of his Original Petition, that "Defendant ROSAMOND is an employee of Defendant F.A. RICHARD. At all times material to this lawsuit, Defendant ROSAMOND was acting within the course and scope of her employment and as an agent of Defendant, F.A. RICHARD."*

Plaintiff does *not* allege that ROSAMOND, individually *and not as a corporate agent or representative of FARA*, performed the function of a claims administrator in assisting, advising or directing injured employees in securing appropriate medical treatment from authorized health care providers in accordance with §907(b) of the Act. Indeed, Plaintiff expressly alleges - *and correctly so* - that ROSAMOND performed these functions in the capacity of, and within the scope and course of her employment as, an agent of FARA.

The Texas Supreme Court has expressly held that the administration of a corporation's non-deligable duty by an agent of that corporation is in fact an act or omission of the corporation itself, *and not of the corporate officer or agent who acts on behalf of the corporation.* This is so whether the act or omission is characterized as "active or passive". ***Leitch v. Hornsby***, 935 S.W.2d 114, 118

*Page 2*

(Tex. 1996) (holding that a corporate officer acting on the corporation's behalf does not owe a corporate employee an individual duty to provide that employee with a safe workplace, and thus the corporate officer is not individually liable for failure to provide a safe workplace).

Plaintiff erroneously asserts in his Motion to Remand that "[t]he only liability Defendant F.A. RICHARD has is respondeat superior liability for the acts of its employee." This mischaracterizes the nature of the cause of action. This is not a cause of action in which Plaintiff sues, for example, for bodily injuries sustained as a result of ROSAMOND running a red light and colliding with his vehicle while engaged in company business; in such a case FARA's liability, if any, would indeed be vicarious as to that of ROSAMOND. Here, however, Plaintiff complains of the actions of FARA itself *undertaken by and through its agent, ROSAMOND* - i.e., the alleged "coercion" of injured employees, in the course of claim administration, to seek treatment from health care providers other than Plaintiff. Even if Plaintiff's claims could be shown to have merit - *which Defendants do not concede, but expressly deny* - any liability of FARA would be direct, and not through the application of the doctrine of respondeat superior.

Plaintiff, in short, has no separate claim or cause of action against ROSAMOND, and her joinder as a party-defendant in this cause is a clear attempt to defeat diversity jurisdiction and/or to establish venue in a desired location. ROSAMOND, thus, is properly disregarded as a party-defendant for purposes of diversity jurisdiction.

### III.
### FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. §1331

Again, Plaintiff expressly alleges that "Defendant's conduct is tortious *because it violates federal law*, as well as the Texas Insurance Code" (emphasis added). The federal law alleged to be

violated, as stated, is the LHWCA, set forth at 33 U.S.C. §901, et seq. (and particularly §907(b), dealing with the right of the employee to choose an attending physician to provide medical care).

It is axiomatic that where a claim presents a pivotal question of federal law - as, for example, where a federal act must be construed, or where dispositive issues stated in the complaint require the application of federal law - federal question jurisdiction properly lies. See, e.g., *Ivy Broadcasting Company, Inc. v. American Telephone and Telegraph Company*, 391 F.2d 486, 489 (2nd Circuit 1968).

Contrary to Plaintiff's argument, the instant case is not analagous to *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 Escort 3229, 92 L.Ed2d 650 (1986). In that case - a state common law products liability action - the Plaintiffs alleged in one of their negligence counts that a drug, Bendectin, was "misbranded" in violation of the Food, Drug & Cosmetic Act (FDCA) because of a defect in the label. The Plaintiffs did not allege that the "misbranding" was what rendered the drug dangerous, far less did they assert a right of recovery under the FDCA. Here, by contrast, Plaintiff sues Defendants alleging conduct which he claims is wrongful precisely because it is alleged to violate the LHWCA; the adjudication of Plaintiff's claim, quite obviously, requires the interpretation and application of that Act.

In that regard, Plaintiff and his counsel - whether accidentally or otherwise - have misquoted an applicable provision of §907(b) of the Act. Plaintiff alleges that the Act provides that "[t]he employee shall have the right to choose an attending physician . . . to provide medical care", clearly suggesting that the statute gives the employee the right to choose any attending physician, at his own discretion, to provide care which would be compensable under the Act. In fact, §907(b) reads as follows: "the employee shall have the right to choose an attending physician *authorized by the*

*Page 4*

*secretary to provide medical care* under this chapter as hereinafter provided" (emphasis added). Except in emergency circumstances, the employees right to choose an attending physician is limited to those physicians who are authorized by the Secretary.

Plaintiff, of course, does not allege - and certainly cannot hope to prove - that Defendants, or either of them, interfered with a presently existing contract between Plaintiff and a specific employee/claimant. He is relegated to attempting to show that, but for Defendants alleged violations of the "right to choose" clause of §907(b), he would have entered into physician/patient contracts with certain employees. In other words, *the interpretation of the "right to choose" clause becomes crucial and pivotal to Plaintiff's entire cause of action.*

Included in this interpretation are the provisions of §907(c), under which the Secretary is authorized to prepare annually a list of physicians and health care providers in each compensation district "who are not authorized to render medical care or provide medical services under this Chapter." The Act further provides an administrative review system pertinent to such determinations, at §907(j). Obviously, Plaintiff's claims and causes of action herein are not even cognizable if Plaintiff is not an authorized provider within the meaning of the Act; whether and to what extent Plaintiff is "authorized," and whether and to what extent he has exhausted the available administrative remedies which pertain to such "authorization", are but further confirmation of the necessity for interpreting and applying federal law to the instant cause of action.

## IV.
## CONCLUSION

In view of the foregoing, subject matter jurisdiction exists both under diversity of citizenship (28 U.S.C. §1332) and the existence of a federal question (28 U.S.C. §1331). Plaintiffs Motion to

Remand is not well taken, and should be in all respects denied.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiff's Motion to Remand be in all respects denied; and for such other and further relief, at law or in equity, to which Defendants might show themselves justly entitled.

                    Respectfully submitted,

**THORNTON, SUMMERS, BIECHLIN,
DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471
361/ 884-2037    Fax: 361/ 884-5239

_____
**Joseph L. Segrato**
Federal Id No: 19965
State Bar No: 17993000
**Vaughan E. Waters**
Federal Id No: 9206
State Bar No. 20916700
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this the ___2nd___ day of July, 2002.

Mr. Michael R. Cowen
**MICHAEL R. COWEN, P.C.**
765 E. 7th Street, Suite A
Brownsville, Texas 78520

_____
Vaughan E. Waters

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MADHAVAN PISHARODI, M.D., P.A. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: B-02-124 |
| | § | |
| | § | |
| F. A. RICHARD & ASSOCIATES, INC. | § | |
| and JANE ROSAMOND | § | |

## ORDER

On this _____ day of _____, 2002, came on for consideration in the above-entitled and numbered cause Plaintiff's Motion to Remand. Upon due consideration of the motion, Defendants' response thereto, and the pleadings of record in this cause, this Court is of the opinion that the Motion should be, and is hereby, in all respects DENIED.

Signed and entered this _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE PRESIDING