

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
F!LED

**OCT 1 5 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **MADHAVAN PISHARODI, M.D., P.A.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO: B-02-124** |
| | § | |
| | § | |
| **F. A. RICHARD & ASSOCIATES, INC.** | § | |
| **and JANE ROSAMOND** | § | |

## *JOINT REPORT OF MEETING AND JOINT DISCOVERY/*
## *CASE MANAGEMENT PLAN UNDER*
## *FEDERAL RULE OF CIVIL PROCEDURE RULE 26*

**TO THE HONORABLE JUDGE OF SAID COURT:**

Please be advised that on October 14, 2002, Michael R. Cowen, counsel for Plaintiff,

**MADHAVAN PISHARODI, M.D., P.A.**, and Vaughan E. Waters, counsel for Defendants, **F. A.**

**RICHARD & ASSOCIATES, INC. AND JANE ROSAMOND**, conducted a conference call to

discuss the nature and basis of the claims and defenses and the possibilities for a prompt settlement

or resolution of the case, to make arrangements for the disclosures as required by Federal Rule 26

(a)(1), and to develop a proposed discovery/case management plan, which is submitted herein to the

Court, as follows:

1.    **State where and when the meeting of the parties required by Rule 26 was held, and**
      **identify the counsel who attended for each party.**

      A conference call was held on the 14th day of October, 2002, attended by the following:

      Michael R. Cowen
      **MICHAEL R. COWEN, P.C.**
      765 E. 7th Street, Suite A
      Brownsville, Texas   78520
      *Counsel for Plaintiff*

Vaughan E. Waters
**THORNTON, SUMMERS, BIECHLIN,**
**DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 N. Shoreline Blvd.
Corpus Christi, Texas 78471
***Counsel for Defendants***

2.    **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

None.

3.    **Briefly describe what this case is about.**

Plaintiff alleges that Defendants tortiously interfered with his contractual relations with one or more patients by pressuring patients into firing him and getting another doctor. Plaintiff believes that such conduct was tortious because it violated 33 U.S.C. §907 (the Longshoremen and Harbor Workers Compensation Act) and the Texas Insurance Code. Defendants deny Plaintiff's allegations.

4.    **Specify the allegation of federal jurisdiction.**

Diversity jurisdiction exists under 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00 exclusive of costs and prejudgment interest. Defendants further removed this case pursuant to 28 U.S.C. §§§ 1331, 1332, 1441 and 1446.

5.    **Name the parties who disagree and the reasons.**

The Plaintiffs disagree with diversity and federal question jurisdiction and thus, filed a Motion to Remand on or about June 13, 2002.

6.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None known at this time.

7.    **List anticipated interventions.**

None known at this time.

8.    **Describe class-action issues.**

None.

9.    **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff has not filed his Disclosure of Interested Parties with the court as of the filing of this Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure Rule 26. Therefore, Plaintiff shall file his Disclosure of Interested Parties on or about October 21, 2002.

Defendants filed their Disclosure of Interested Parties with the court on or about June 25, 2002.

10.   **Describe the proposed agreed discovery plan, including:**

a.   Responses to all the matters raised in Rule 26(f).

See 9, *supra*, and the following:

b.   When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending Interrogatories and Requests for Production to Defendants not later than November 15, 2002.

c.   When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate sending Interrogatories and Requests for Production to Plaintiff not later than November 15, 2002.

d.   Of whom and by when the plaintiffs anticipate taking oral depositions.

Plaintiff anticipates taking oral depositions of certain representatives of Defendant, F. A. Richard & Associates, Inc., as well as the oral deposition of the Defendant, Jane Rosamond, and of certain individuals or representatives named in Defendants' Rule 26(a) Disclosure, not later than December 15, 2002.

e.   Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking oral deposition of Plaintiff and possibly of other individuals to be named in Plaintiffs' Rule 26(a) Disclosure, not later than December 15, 2002.

f.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs anticipate designating such experts and providing such reports not later than January 1, 2003.

Defendant anticipates designating responsive experts and providing their reports not later than February 1, 2003.

g.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiffs anticipate taking a limited number of expert depositions on liability and damages issues, not later than February 15, 2003.

h.  List expert depositions the opposing party anticipates taking and their anticipated completion date.

Defendant anticipates taking a limited number of expert depositions on liability and damages issues, not later than March 1, 2003.

**11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

All parties agree on the discovery plan.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.  State the date the planned discovery can reasonably be completed.**

Discovery can reasonably be completed not later than March 1, 2003.

**14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Counsel have agreed to exchange relevant and admissible information timely, and to consider alternative dispute resolution (ADR) at the earliest practicable stage in discovery.

**15.  Describe what each party has done or agreed to do to bring about a prompt resolution.**

See 14, *supra*.

**16.  From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation is a reasonably suitable ADR procedure, and may be effectively used following completion of written discovery and possibly a brief round of fact and expert witness depositions.

**17.  Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

All parties do not agree at this time to trial before a magistrate judge.

18.    **State whether a jury demand has been made and if it was made on time.**

A jury demand has been timely made.

19.    **Specify the number of hours it will take to present the evidence in this case.**

Approximately 40 hours (one week).

20.    **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Motion to Remand.

21.    **List other pending motions.**

None at this time.

22.    **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

None.

23.    **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff has not filed his Disclosure of Interested Parties with the court as of the filing of this Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure Rule 26. Therefore, Plaintiff shall file his Disclosure of Interested Parties on or about October 21, 2002.

Defendants filed their Disclosure of Interested Parties on or about June 25, 2002.

24.    **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**PLAINTIFF:**    **MADHAVAN PISHARODI, M.D., P.A.**

Michael R. Cowen
Federal ID No. 19967
State Bar No. 00795306
**MICHAEL R. COWEN, P.C.**
765 E. 7th Street, Suite A
Brownsville, Texas   78520
956/541-4981        Fax:  956/504-3674

**DEFENDANTS:**      F. A. RICHARD & ASSOCIATES AND JANE ROSAMOND

Vaughan E. Waters
Federal ID No. 9206
State Bar No. 20916700
**THORNTON, SUMMERS, BIECHLIN,**
 **DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 N. Shoreline Blvd.
Corpus Christi, Texas 78471
361/884-2037      Fax:  361/884-5239

Michael R. Cowen
*Counsel for Plaintiff,*
*Madhavan Pisharodi, M.D., P.A.*

Vaughan E. Waters
*Counsel for Defendants,*
*F.A.Richard & Associates and Jane Rosamond*