# Civil Courtroom Minutes



| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Nicolas   ■ Levesque |
| DATE | 11 / 12 / 02 |
| TIME | 2:10 p.m. — 2:25 p.m. |
| CIVIL ACTION | B - 02 - 124 |
| STYLE | Pisharodi, M.D., P.A. *versus* F.A. Richards & Assoc., Inc. and Jane Rosamond |

United States District Court
Southern District of Texas
FILED
NOV 12 2002
Michael N. Milby, Clerk of Court

DOCKET ENTRY

(HGT)  ■ Initial Pre-Trial Hearing;        (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):   Michael R. Cowen

Attorney(s) for Defendant(s):   Vaughan E. Waters

---

*Plaintiffs*: This is a simple state law claim of tortious interference. There is no diversity b/c Rosamond is joined in her individual capacity. She personally acted and therefore committed an intentional tort.

*Defendants*: She could not be personally liable b/c she was not capable of acting individually - only her employer could act. Cited Leitch and stated the TX Supreme Court held that when one acts in capacity of agent, they cannot be held liable personally while the employer is liable under respondeat superior. She was acting outside of the scope of her employment and therefore cannot be personally liable. Tries to make distinction between active and passive negligence but still did not explain to the Court how duty, which is not an element of tortious interference proves that she was personally liable.

Motion for Remand: *Ruling*: Judge ordered the case remanded.
Remanded to state court. Whether actions may or may not have been within the scope of her employment does not preclude personal liability and therefore Rosamond was not fraudulently joined.